

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–761

|  |  |
|---|---|
| | **Opinion Delivered** September 2, 2015 |
| MICHAEL E. CHILDERS<br>APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO.15CR-12-209] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## BRANDON J. HARRISON, Judge

A Conway County jury convicted Michael E. Childers of second-degree domestic battering in 2014. He challenges the sufficiency of the evidence here, but we cannot yet reach the merits of his appeal because there are record and briefing deficiencies.

We start by addressing the April 30 sentencing order that Childers appeals. As the State points out in its brief, the sentencing order reflects that the court convicted Childers. The sentencing order should be changed to reflect that a jury trial occurred. Additionally, the "A.C.A. # Org. Charge" box on the sentencing order incorrectly lists section 5-26-303 as the statute under which Childers was originally charged. It should read 5-26-304,

as the operative criminal complaint states.   Additionally, the following boxes have not been completed on page 1:

- Change of venue
- Waiver of right to counsel
- Whether the victim was male or female

The following boxes have not been completed on page 2:

- The name of the domestic-violence-related offense with which the defendant was originally charged
- The relationship of the victim to the defendant
- To whom fines and fees are to be paid

Nor does the record have the stage-two jury-verdict form in it.   The record therefore needs to be settled and supplemented on remand with the missing stage-two jury-verdict form and an amended and corrected sentencing order.

Childers's addendum lacks some necessary documents, too.   Arkansas Supreme Court Rule 4–2(a)(8) requires an addendum to contain all documents in the record that "are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal."   Specifically, the Rule requires "the pleadings . . . all motions. . ., responses, replies, exhibits, and related briefs, concerning the order, judgment or ruling challenged on appeal" to be included. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i) (2014). Childers's addendum lacks:  all of the criminal pleadings in the case; the trial exhibits, including pictures of the physical injuries the State alleged; and the Arkansas Supreme Court per curiam opinion that is necessary for us to confirm our jurisdiction. Because these documents are essential to our understanding of the case, they should be included in

the supplemental addendum. *See Clark v. State*, 2012 Ark. App. 60. Childers should also add the new material contained in the certified, supplemental record to his supplemental addendum. We caution that this is not necessarily an exhaustive list of deficiencies. So counsel should carefully examine the record and review the rules before submitting a supplemental addendum.

Turning to the State's brief, it cites directly to the record without providing an abstract or addendum page reference. Appellants and appellees are held to the same standard. In the future, if the State identifies deficiencies in an appellant's abstract or addendum, then it should present the information in a manner prescribed by Ark. Sup. Ct. R. 4-2.

We remand this case to settle and supplement the record in accordance with Arkansas Rule of Appellate Procedure–Civil 6(e) (2014) and Arkansas Rule of Appellate Procedure–Criminal 4(a) (2014). Childers must file a certified, supplemental record containing (a) an amended sentencing order, and (b) the missing stage-two jury-verdict form within thirty days of this opinion's date. The supplemental addendum will be due within seven calendar days after Childers files the supplemental record with this court's clerk. Ark. Sup. Ct. R. 4-2(b)(4). The State should then, if it chooses to respond to Childers's supplemental addendum, file a substituted appellee's brief within fifteen days of the filing of the supplemental addendum. *See* Ark. Sup. Ct. R. 4-2(c)(2) and 4-2(b)(3).

Remanded to settle and supplement the record; supplemental addendum ordered.

GLOVER, J., agrees.

KINARD, J., concurs.

 

*Justin Eisele*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.